UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:04-cr-00119-FDW-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| DANIEL TOLIVER, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release, (Doc. No. 88), and supplemental filings in support of his motion (Doc. Nos. 89, 90, 98, 99). The Government has filed a response in opposition to the motion. (Doc. No. 95; see also Doc. Nos. 96, 97).

While this motion was pending, the Bureau of Prisons ("BOP") transferred Defendant from FCI-Ashland (see Doc. No. 88, p. 10) and Edgefield Prison Camp (see Doc. No. 99, p. 1) to a Residential Reentry Management (also called a halfway house or "RRM") in Raleigh, North Carolina, where he is under the supervision of the BOP-designated residential reentry managers.[1] Given the specific relief requested by Defendant in his motion, and the arguments asserted in support thereof, particularly those directed at the conditions at his prior facilities, the Court DENIES the motion WITHOUT PREJUDICE to his ability to file a subsequent motion asserting a basis for release from his current conditions and circumstances. See United States v. Barnes, No. 20-7730, 2022 WL 152417, at *2 (4th Cir. Jan. 18, 2022) (recognizing that the defendant's "condition and circumstances have changed materially since the court denied his motion," and

---

[1] See https://www.bop.gov/inmateloc/ and https://www.bop.gov/about/facilities/offices.jsp#rrm, visited 4/5/2022.

1

concluding that the defendant "should have the opportunity to argue why he is entitled to compassionate release based on his current condition and circumstances.").

In addition, the Court notes that it cannot grant the specific relief requested throughout Defendant's pleadings: release to home confinement. Specifically, Defendant provides "we respectfully request that Mr. Toliver's sentence be modified to home confinement . . . ." (Doc. No. 88, p. 15). The Court does not have the authority to direct BOP to place a defendant in home confinement. See 18 U.S.C. § 3621(b); see also United States v. Harless, No. 20-6994, 2021 WL 2311463 (4th Cir. June 7, 2021) ("[[T]he district court correctly concluded that it lacked authority to order [the defendant's] release to home confinement, insofar as she sought relief under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020)." (citing United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021)); see also Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement. . . . This provision does not authorize the court to order defendant's placement in home confinement."); United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement for alters only the *place* of incarceration, not the actual *term* of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so.[2] United States

---

[2] To the extent the Court has discretion to make a *recommendation* to BOP, the Court declines to do so under the current record. See United States v. Ferguson, No. 6:16-CR-707-JMC-8, 2018 WL 5095149, at *2-3 (D.S.C. Oct. 18, 2018) (collecting cases on the split among district courts as to whether a district court can make imprisonment placement recommendations on a defendant's post-sentencing motion).

2

v. Simon, No. 20-6701, 2022 WL 337126, at *1 (4th Cir. Feb. 4, 2022) ("Regarding release to home confinement, the district court correctly ruled that a district court lacks the authority to convert a custodial sentence to one of home confinement." (citation omitted)).

In Simon, an unpublished case from the Fourth Circuit, the court noted that *if* the district court found home confinement to be appropriate, then "the court *could have* granted the motion for compassionate release and imposed home confinement as a term of supervised release." Id. (Emphasis added; citing United States v. Kremer, 280 F.3d 219, 220-21 (2d Cir. 2002) (upholding the district court's decision to extend the defendant's term of supervised release by one year and impose "three-month period of home detention as a condition of the extended supervised release" after finding the defendant violated supervised release)). Because Defendant's arguments asserting the "extraordinary and compelling reasons" for a sentence reduction have been materially changed by his transfer to another facility, the Court declines under this record to grant the motion for compassionate release and impose home confinement as a term of supervised release. As noted above, the Court's order here is without prejudice to Defendant's ability to file a new motion for compassionate release that asserts the extraordinary and compelling reasons based on his current condition and circumstances. Defendant may also include any applicable argument regarding the imposition of home confinement as a term of supervised release.

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. No. 88) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: April 5, 2022

Frank D. Whitney
United States District Judge